**Nos. 25-12009, -12149**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

UNITED STATES ex rel. BRENT BERRY, et al.,

Plaintiffs-Appellants, and

UNITED STATES OF AMERICA,

Intervenor-Appellant,

v.

NATIVE AMERICAN SERVICES CORP., et al.,

Defendants-Appellees.

---

On Appeal from the United States District Court
for the Middle District of Florida

---

# UNOPPOSED MOTION FOR SUMMARY REVERSAL

---


MICHAEL S. RAAB
CHARLES W. SCARBOROUGH
DANIEL WINIK
*Attorneys, Appellate Staff*
*Civil Division, Room 7245*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8849*

These consolidated appeals—arising from a decision materially identical to the one under review in *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, __ F.4th __, 2026 WL 2581886 (11th Cir. Sept. 1, 2026)—were held in abeyance pending the *Zafirov* decision. In *Zafirov*, this Court vacated the district court's ruling and remanded for the district court to address remaining issues. The Court should now summarily enter the same judgment in these appeals. Relators consent to this motion. Defendants do not oppose the motion, which is without prejudice to their ability to raise any defenses or file any motions before the district court on remand.

**1.** The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes civil liability for a variety of deceptive practices involving government funds and property. The Attorney General may bring a civil action to recover treble damages and civil penalties for a violation of the Act. 31 U.S.C. § 3730(a). Alternatively, a private person known as a relator may bring suit, "for the person and for the United States Government," "in the name of the Government." *Id.* § 3730(b)(1). The relator's complaint must be filed under seal and served on the United States. *Id.* § 3730(b)(2). The government then decides whether to intervene and take over the suit. *Id.* § 3730(b)(2), (3).

This is a qui tam action under the Act. The government declined to intervene under 31 U.S.C. § 3730 for the purpose of taking over the litigation. Defendants subsequently moved for judgment on the pleadings on the theory that the Act's qui tam provisions violate the Vesting, Take Care, and Appointments Clauses of Article II, and the government intervened under 28 U.S.C. § 2403(a) for the limited purpose of defending the constitutionality of the qui tam provisions.

The district court agreed with defendants' arguments under the Appointments Clause, without addressing the Take Care and Vesting Clauses. *United States ex rel. Gose v. Native Am. Servs. Corp.*, 2025 WL 1531137 (M.D. Fla. May 29, 2025) (Mizelle, J.). The court explained that it reached that conclusion "[f]or the reasons" it had previously "explained in" *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024) (Mizelle, J.), where it had likewise granted judgment on the pleadings on the ground that the qui tam provisions of the False Claims Act are inconsistent with the Appointments Clause. *Gose*, 2025 WL 1531137, at *1. The court noted that defendants' motion for judgment on the pleadings "borrow[ed] heavily from arguments raised in the *Zafirov* litigation" and determined that the "same analysis" in *Zafirov* "controls here." *Id.* at *1-2.

Relators and the government appealed. The Court consolidated the appeals upon docketing them. The Court then granted the government's motion to hold these appeals in abeyance pending the Court's resolution of the *Zafirov* appeals.

On September 1, the Court issued its decision in *Zafirov*, concluding that the Act's qui tam provisions "do not violate the Appointments Clause." 2026 WL 2581886, at *7. The Court accordingly "vacate[d] the district court's order dismissing th[e] case and remand for the district court to evaluate the defendants' Take Care Clause and Vesting Clause arguments." *Id.*

**2.** As defendants' non-opposition to this motion reflects, the *Zafirov* decision compels the same judgment in this case. The decision under review here is materially identical to the one in *Zafirov*, both in its analysis of the Appointments Clause issue (which this Court has now rejected) and in its reservation of the Take Care Clause and Vesting Clause issues (which this Court declined to address in *Zafirov*, reasoning that the district court should address them in the first instance). This Court should accordingly vacate the

judgment and remand for the district court to address the Take Care Clause and Vesting Clause issues.

Respectfully submitted,

MICHAEL S. RAAB
CHARLES W. SCARBOROUGH

*/s/ Daniel Winik*
DANIEL WINIK
*Attorneys, Appellate Staff*
*Civil Division, Room 7245*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8849*
*daniel.l.winik@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 631 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik